BLANKAVAG, by guardian *ad litem,* Respondent, vs. BADGER Box & LUMBER COMPANY, Appellant.

*September 11—September 29, 1908.*

*Master and servant: Injury to minor servant: Failure to give him proper information: Burden of proof: Instructions to jury: Prejudicial error: Special verdict: Witnesses: Credibility.*

1. In an action for injuries sustained by a boy while operating a machine in defendant's factory, a charge to the jury which in effect put upon defendant the burden of proving affirmatively that proper instructions as to the adjustment and operation of the machine had been given to plaintiff, is *held* to have been prejudicially erroneous, notwithstanding a general statement in

the opening part of the charge that the burden of proving his contentions was upon the plaintiff.

2. In an action for injuries sustained by a servant the burden of proof upon the issue of contributory negligence or assumption of risk is upon the defendant.

3. Questions relating to mere evidentiary facts should not be submitted in a special verdict.

4. Where a decision in a party's favor depends largely upon the weight to be given his own testimony, the court should, upon request, instruct the jury that in considering the weight to be given his testimony they should consider his interest and the motive which he has to testify favorably to himself.

5. Where a witness has wilfully testified falsely as to any material fact, the jury may disregard all his testimony except as it may be corroborated by other credible evidence.

6. A requested instruction that, if the jury found that any witness had wilfully testified falsely as to any material fact, they might disregard all his testimony except as it might be "corroborated by other evidence in the case," was defective because of the omission of the word "credible" before the word "evidence."

7. Although a requested instruction is a fair statement of the law on the subject, if it is a general instruction, not applying to any question of the special verdict, the refusal to give it is not error.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Plaintiff, a boy sixteen years of age, was injured while at work on a recessing machine planing out a recess in a board by shoving it over the top of a table in which is set a cutter head. The negligence alleged was that the machine was defective, unsafe, and out of repair, and the knives unguarded and contained no contrivance to prevent the operator being injured, which facts were known to defendant but not to plaintiff; that plaintiff was inexperienced and ignorant of the danger, which was known to defendant, and was set to work without warning or instruction. The answer denies negligence and sets up affirmatively contributory negligence. The jury returned the following verdict:

"1. Did the plaintiff receive personal injuries of the character alleged while operating defendant's recessing machine at the time, place, and in the manner alleged? *A.* Yes.

"2. What was plaintiff's age at the time of said injury? A. Sixteen years.

"3. Was said machine so constructed as to be dangerous to one operating it with reasonable care, who was without previous experience in operating the same, and who had not been previously instructed as to how it should be operated? A. Yes.

"4. If you answer question 3 'Yes,' did the plaintiff at the time of the injury know, or in the exercise of reasonable prudence and care ought he to have known, that the machine was so dangerous? A. No.

"5. At any time before the accident did the plaintiff understand and appreciate the precise danger to which he was exposed in operating the machine? A. No.

"6. Ought the plaintiff, considering his age, intelligence, experience, and judgment, in the exercise of due care to have discovered and understood before the accident the precise danger to which he was exposed in his work of operating the machine? A. No.

"7. Had the plaintiff, at any time before the day he was injured, done recessing upon the machine in question? A. No.

"8. If you answer question 7 'Yes,' then had plaintiff, before he was injured, done recessing with the guard or roller marked 'G' down, as shown on photograph, Exhibit 2? A. No.

"9. If you answer question 3 'Yes,' did defendant's superintendent, Vandenbrook, before plaintiff was injured, give plaintiff proper instructions or information as to how the machine should be adjusted and operated so as to prevent accident and avoid danger? A. No.

"10. If you answer question 9 'No,' was such failure by defendant's superintendent properly to so instruct and inform plaintiff the proximate cause of the accident and plaintiff's injuries? A. Yes.

"11. Did plaintiff in any respect fail to exercise ordinary care, which proximately caused or contributed to produce the accident? A. No.

"12. In what sum do you assess the plaintiff's damages? A. $3,000."

Motions for judgment in favor of the defendant on the evidence and to change the answers to the questions in the special verdict were denied, and judgment entered for plaintiff on the verdict, from which this appeal was taken.

For the appellant there was a brief by *Kreutzer, Bird & Rosenberry,* attorneys, and *Goggins & Brazeau,* of counsel, and oral argument by *C. B. Bird.*

For the respondent there was a brief by *James L. Kelley* and *W. E. Wheelan,* and oral argument by *Mr. Kelley* and *Mr. John F. Kluwin.*

KERWIN, J.    1. Error is assigned because the court refused to render judgment for defendant upon the undisputed evidence and change the answers of the jury to the questions in the special verdict.   This contention is based upon the argument that there was no evidence of negligence because of failure to warn and no evidence of any notice to defendant that the plaintiff did not in fact comprehend all that a person of his age and intelligence ought reasonably to be expected to know, and therefore there was no duty to instruct unless the defendant ought reasonably to have anticipated that the plaintiff would not know or ought not to be expected to know the danger.   A discussion of the evidence under this head would serve no useful purpose.   It is sufficient to say that we think there was ample evidence to carry the questions involved to the jury.

2. Error is assigned respecting the charge of the court on the ninth question of the special verdict.   The ninth question reads:

"If you answer question 3 'Yes,' did defendant's superintendent, Vandenbrook, before plaintiff was injured, give plaintiff proper instructions or information as to how the machine should be adjusted and operated so as to prevent accident and avoid danger?"

Upon this question the court charged as follows:

"If you shall answer question 3 'Yes,' in effect that the machine was dangerous, as set forth in that question and heretofore explained, you should then answer question 9 'Yes' or 'No,' according to the fact as from the whole evidence you shall believe the fact to be, whether or not Superintendent Vandenbrook, before plaintiff was injured, gave plaintiff proper instructions or information as to how the machine should be adjusted and operated so as to prevent accident, etc.    (If you shall be so affirmatively satisfied that the superintendent, before the accident, gave plaintiff such proper instructions or information, such as were or ought to have been reasonably sufficient, under the circumstances, to apprise one of the plaintiff's age and apparent intelligence how the machine should be adjusted and operated so as to prevent accident, if operated with reasonable care, in such case your answer to question 9 should be 'Yes.')    (Otherwise, if you shall not be affirmatively satisfied, in the manner stated, that the defendant's superintendent, before the accident, gave plaintiff such proper instructions or information as to the adjustment and operation of the machine, as before explained, in such case your answer to question 9 should be 'No.')"

This charge was clearly erroneous, since it did not put the burden of proof on this question upon the plaintiff, but told the jury in effect that if the evidence was evenly balanced, or there was such doubt or uncertainty in their minds that they were unable to state what the fact was, then they were required to answer the question "No," as they did answer. This instruction was prejudicial and must work a reversal. *Ward v. C., M. & St. P. R. Co.* 102 Wis. 215, 78 N. W. 442; *Pelitier v. C., St. P., M. & O. R. Co.* 88 Wis. 521, 60 N. W. 250; *Odegard v. North Wis. L. Co.* 130 Wis. 659, 110 N. W. 809.

It is not seriously contended by counsel for respondent that this instruction was not erroneous, but it is insisted that it was not prejudicial error.    A very lengthy and able

argument is presented by counsel for respondent in support of their contention. It is argued that, taking the charge as a whole, no prejudice resulted from the part referred to above; and reliance is placed upon the opening part of the charge, namely:

"Defendant denies, and thereby puts in issue, all and every of plaintiff's said allegations of fault on defendant's part; and plaintiff is thereby charged with the burden of affirmatively proving the truth of said contentions, if he would recover in this action."

There is some force in this argument, but the statement is a general statement regarding the whole case, and it cannot be said to outweigh a specific instruction upon a particular subject or question. When the jury were charged upon a particular question and their attention directed particularly to it, we cannot say that such erroneous instruction upon a vital issue in the case was cured by general language referring to the plaintiff's whole case. Indeed, it is quite likely that the jury was much more impressed with the instruction on the particular question than by any general language referring to the issues generally.

We are also cited to sec. 2829, Stats. (1898), to the effect that the court shall disregard any error which shall not affect the substantial rights of the adverse party. But the difficulty with this argument is that we cannot say the error did not affect the rights of the defendant. Many other propositions are argued under this head by counsel for respondent, and many authorities cited, all of which have received due consideration by the court, but a discussion of them here would unnecessarily prolong this opinion. It is sufficient to say that we think the error committed was prejudicial.

3. Error is also assigned because the court put the burden of proof upon the defendant on questions 7 and 8, and it is insisted that the burden of proof should have been put upon the plaintiff. These questions were obviously put to the

jury on the issue of contributory negligence, or that branch
of it known as assumption of risk, and upon such issue the
burden of proof was upon the defendant; hence there was
no error in the instructions.    It will also be noted that these
questions relate to evidentiary facts, and need not necessarily
have been put in the special verdict at all.    It would doubt-
less have been more in harmony with the rules of this court
pertaining to the formation of special verdicts to have omit-
ted them.

4. The defendant claims error because of the refusal of
the court to give the following requested instruction:

"The plaintiff in this action is an interested party, and in
considering the weight which should be given to his testi-
mony you should consider the fact of such interest, and the
motive which he has to testify to such statement of facts as
will be favorable to himself, and a like test should be ap-
plied to the evidence of any other interested witness."

This instruction seems to be in substantial compliance
with the rule laid down by this court in *Kavanaugh v. Wau-
sau,* 120 Wis. 611, 98 N. W. 550.    Where a decision in a
party's favor depends largely upon the weight to be given
his own evidence, and a request to give such an instruction
as above is made, it is error to refuse it where the principle
embodied in such instruction is not covered by the charge.

Error is also assigned because of failure to give the follow-
ing requested instruction:

"If you find that any witness has wilfully testified falsely
as to any material fact, you are at liberty to disregard all the
testimony of such witness, except as it may be corroborated
by other evidence in the case."

The instruction asked is defective because of the omission
of the word "credible."    In other words, it should have read
"corroborated by other *credible* evidence in the case," instead
of "corroborated by other evidence in the case."    *Hart v.
Godkin,* 122 Wis. 646, 100 N. W. 1057.    With the word

"credible" in, it would have been a correct statement of the law, and in a proper case the refusal to give it would be error.    The rule as to when it should be given and when not is clearly laid down by this court in the late case of *Pumorlo v. Merrill,* 125 Wis. 102, 103 N. W. 464.

Error is also assigned because the court refused to give the following instruction asked by defendant:

"The defendant company had a right to assume that the plaintiff was possessed of the usual faculties ordinarily developed in a boy of his age and size; in other words, that he was a person of common sense for one of his years, and that he would exercise such care to avoid dangers which were visible and which he knew or ought to have known existed, as might be reasonably expected of one of his years and capacity."

This instruction is a fair statement of the law on the subject in a proper case, but it was a general instruction, not applying to any question of the verdict; hence the refusal was not error.    *Odegard v. North Wis. L. Co.* 130 Wis. 659, 685, 110 N. W. 809.

Other errors assigned need not be considered, since the questions involved therein are not likely to arise on another trial.

It follows from what has been said that the judgment below must be reversed.

*By the Court.*—The judgment.of the court below is reversed, and the cause remanded for a new trial.