Szewczyk, by guardian *ad litem,* Respondent, vs. E. W. El-lis Lumber Company, Appellant.

*May 4—June 1, 1911.*

*Master and servant: Unsafe machinery: Negligence: Several grounds: Proximate cause: Special verdict: Sufficiency: Form: Instructions to jury: Questions for jury: Assumption of risk: Witnesses: Interest in event: Appeal: Harmless errors.*

1. On appeal from a judgment for the plaintiff in an action for personal injuries, where the jury by special verdict have found the defendant negligent upon four separate grounds, and that each operated as a proximate cause of the injury, if either ground of negligence is sustained by the record as a proximate cause of such injury it is immaterial whether the other grounds are sustained or not.

2. Where plaintiff and two witnesses testified that at the time of the accident there was no guard over a pedal which operated the jump saw by which plaintiff was injured, while seven witnesses for defendant positively declared from personal knowledge that there was a guard there at that time, such as was shown in an exhibit, and the jury found in favor of plaintiff upon that issue, this court on appeal refuses to disturb such finding as not being supported by credible evidence.

3. The controversy being as to the existence of any guard at all over the pedal at the time of the accident, it was not error for the trial court to refuse to submit a specific question asking whether or not the particular kind of guard shown in the exhibit was then in use, and to submit instead the general question: "Did the defendant negligently fail at the time of plaintiff's injury to have a safe and sufficient guard over the pedal in question?" Such general question, in view of the evidence and of the instructions to the jury, specifically and clearly submitted the issue.

4. Correct instructions having been given, in connection with previous questions in the special verdict, upon the subjects of negligence, proximate cause, and plaintiff's knowledge and appreciation of the precise danger attending his employment, there was no error in directing the jury to apply the same rules in answering subsequent questions in the verdict involving those

subjects, instead of giving, as requested, similar or equivalent instructions in connection with each of such subsequent questions.

5. Plaintiff, who was nineteen years of age and inexperienced in the work which he was set to do, having been injured while operating a jump saw, by reason of slabs, which were brought to the saw by live rollers, accumulating on the table and falling therefrom upon the pedal which forced the jump saw upward, and it appearing that such accumulation of slabs did not ordinarily occur in the operation of the machine, but was an unusual condition, the danger of injury therefrom cannot be said, as a matter of law, to have been so open and obvious that plaintiff assumed the risk.

6. Plaintiff's testimony as to the absence of a guard over the pedal being corroborated by two witnesses, and the circumstances tending to show that the pedal was depressed by slabs falling upon it and that it would not have been so depressed had there been such a guard, it cannot be said that a decision for the plaintiff depended so largely upon the weight to be given to his own testimony that the omission of the trial court to instruct the jury as to the effect of his interest upon such weight resulted in the verdict in his favor; and the error in refusing to give such an instruction is therefore, under sec. 2829, Stats. (1898), and sec. 3072m (Laws of 1909, ch. 192), to be disregarded. BARNES, J., dissents.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries received by the plaintiff, a minor employed in the defendant's mill. The plaintiff commenced working for the defendant on Friday, May 7, 1909. On Monday, May 10th, he was put at cutting slabs and other small pieces of wood into shorter lengths on a jump saw. The operator of the jump saw places his foot upon a pedal, the revolving cross-cut saw is thereby caused to rise through a slit in the table of the machine, and it cuts the wood placed over the slit. The plaintiff was nineteen years of age. He had never before worked a jump saw. He was shown how to operate the saw, but was not warned of any dangers arising from operating it.

Between 9 and 10 o'clock in the morning the foreman ordered the plaintiff to cut up some thin box material, called packing, while continuing to cut the slabs.    It was necessary for the operator to pull the packing diagonally across the jump-saw table, to arrange it as best he could, and to saw it when the supply of slabs was small.    The slabs were carried to the table on live rollers, and at times accumulated to such an extent that some fell from the table.    While the plaintiff was drawing some packing across the table several pieces of the accumulated slabs fell from the table, and one or more fell upon the pedal which operated the saw, causing it to rise and sever the fourth finger from plaintiff's right hand.

The complaint alleges negligence in that the pedal was not guarded; in that the saw was not sufficiently protected; in that the defendant failed to furnish sufficient workmen to conduct the operation of this saw with reasonable safety; in that the live rollers conveying the slabs to the operator delivered such slabs too near the saw, causing them to accumulate and to fall onto the pedal and thereby starting the saw; and in that the defendant failed to warn the plaintiff of the dangers attending the operation of the jump saw.

There was conflicting evidence on the trial as to whether or not there was a guard over the pedal; the plaintiff and two former employees of the defendant testifying that there was no guard over the pedal, while seven employees of the defendant testified that there was such a guard at the time of the accident and that it had been there for some time before.    The plaintiff testified that he was not informed of the danger and did not appreciate it before the accident.

There was evidence that the plaintiff saw slabs fall from the jump-saw table onto the floor near the pedal operating the saw and that he had picked such slabs from the floor.    There was evidence also that, in the ordinary and usual course of handling the slabs carried onto the table of the jump saw, the

slabs would not accumulate upon the table to such an extent that some would fall to the floor, but the operator would have time to receive and handle them and thus avoid their accumulating.    The jury returned the following special verdict:

"(1) Did defendant negligently fail at the time of the plaintiff's injury to have a safe and sufficient guard over the jump saw in question?    A. Yes.

"(2) If you answer question No. 1 'Yes,' then was such negligence a proximate cause of plaintiff's injury?    A. Yes.

"(3) If you answer question No. 1 'Yes,' then did plaintiff at the time of his injury understand and appreciate the precise danger to which he was exposed by the absence of said guard?    A. No.

"(4) Did the defendant negligently fail at the time of plaintiff's injury to have a safe and sufficient guard over the pedal in question?    A. Yes.

"(5) If you answer question No. 4 'Yes,' then was such negligence a proximate cause of plaintiff's injury?    A. Yes.

"(6) If you answer question No. 4 'Yes,' then did plaintiff at the time of the accident know of and appreciate the precise danger to which he was exposed by the absence of said guard?  A. No.

"(7) Did the defendant negligently fail to warn plaintiff of the dangers incident to the operation of said jump saw?  A. Yes.

"(8) If you answer question No. 7 'Yes,' then was such failure to so warn said plaintiff a proximate cause of his injury?    A. Yes.

"(9) Did the defendant negligently fail to employ enough persons to do the work plaintiff was required to do by the defendant on said jump saw with safety to plaintiff?    A. Yes.

"(10) If you answer question No. 9 'Yes,' then was such failure to employ enough persons a proximate cause of plaintiff's injury?    A. Yes.

"(11) Did plaintiff in any respect fail to exercise ordinary care which proximately caused or contributed to produce his injury?    A. No.

"(12) What sum of money will justly compensate the plaintiff for his said injuries?    A. $500."

Before the special verdict was submitted to the jury the defendant requested that the following question be submitted instead of question No. 4:

"(4) Was the pedal in question protected at the time of plaintiff's injury by the guard M as shown on Exhibit C?"

The defendant also requested the following instructions, but the court refused to give them:

"As to question No. 4. The plaintiff in this action is an interested party, and in considering the weight which should be given to his testimony you should consider the fact of such interest, and the motive which he has to testify to such statement of facts as will be favorable to himself, and a like test should be applied to the evidence of any other interested witness.

"As to question No. 4. You are instructed that there is no dispute that the guard marked M on Exhibit C, if such guard was over said pedal, is a safe and sufficient guard.

"As to question No. 4. If you find that any witness has wilfully testified falsely as to any material fact, you are at liberty to disregard all the credible testimony of such witness, except as it may be corroborated by other credible evidence in the case.

"As to question No. 1 defendant asks the court to answer said question 'No' or to instruct the jury to answer said question 'No.'

"As to question No. 2 defendant asks the court to answer said question 'Yes,' or to instruct the jury to answer said question 'Yes,' and in the event of a refusal so to do, to instruct the jury it is not necessary in order to answer question No. 3 'Yes' to find that plaintiff actually understood and appreciated the precise danger; but if you find that the plaintiff, in the exercise of such care as a person of his age and experience ordinarily exercises under the same or similar circumstances, ought to have understood and appreciated the precise danger to which he was exposed by the absence of said guard, then you should answer question No. 3 'Yes.'

"As to question No. 5 you gentlemen of the jury are instructed that, in order to find that the absence of said guard was the proximate cause of plaintiff's injury, you must find

that the defendant in the exercise of ordinary care ought to have foreseen that an injury was likely to result from the absence of said guard.

"As to question No. 6 defendant asks that the court answer said question 'Yes,' or that the court instruct the jury to so answer said question 'Yes,' and in the event of a refusal to so answer said question or to so instruct the jury, then to instruct the jury as follows: You are instructed that in order to answer question No. 6 'Yes' it is not necessary for you to find that the plaintiff actually or in fact knew of or appreciated the precise danger to which he was exposed by the absence of said guard. If you find that the plaintiff, in the exercise of such care as a person of his age and experience ordinarily exercises under the same or similar circumstances, should have known of and appreciated said danger, then you should answer said question No. 6 'Yes.'

"The plaintiff is presumed to be possessed of the usual faculties ordinarily developed in a boy of his age and size. He is presumed to be a person of common sense for one of his years.

"As to question No. 7 defendant asks that the court answer said question 'No,' or that the court instruct the jury to answer said question 'No,' and in the event of refusal to so answer said question or so instruct the jury, then to instruct the jury as follows: The defendant had a right to assume that the plaintiff was possessed of the usual faculties ordinarily developed in a boy of his age and size; in other words, that he was a person of common sense for one of his years, and that he would exercise such care to avoid dangers which were visible and which he knew or ought to have known existed, as might be reasonably expected of one of his years and capacity.

"As to question No. 8 defendant asks that the court answer said question 'No,' or that the court instruct the jury to answer said question 'No.'

"As to question No. 9 defendant asks that the court answer said question 'No' or that the court instruct the jury to answer said question 'No.'

"As to question No. 10 defendant asks that the court answer said question 'No' or that the court instruct the jury to answer said question 'No,' and in the event of failure to so answer said question to so instruct the jury that the jury be instructed:

You are instructed, gentlemen of the jury, that unless you find that the defendant in the exercise of ordinary care ought to have foreseen that some injury was likely to result to the plaintiff from failure to employ more persons at the work in which plaintiff was engaged, then you should answer question No. 10 'No.'

"As to question No. 11 defendant requests that the court answer said question No. 11 'Yes,' or instruct the jury to so answer said question 'Yes.'"

The court awarded the plaintiff a judgment on the verdict. This is an appeal from such judgment.

For the appellant there was a brief by *Goggins & Brazeau,* and oral argument by *Theo. W. Brazeau.*

For the respondent there was a brief by *W. E. Wheelan,* attorney, and *Kreutzer, Bird, Rosenberry & Okoneski,* of counsel, and oral argument by *C. B. Bird.*

SIEBECKER, J.    The jury returned a special verdict finding that the defendant was guilty of negligence in four respects, and that each ground of negligence operated as a proximate cause to produce the injury complained of.    If, under such a state of facts, either ground of negligence is sustained by the record as a proximate cause of the injury, then it is immaterial whether the other grounds are sustained or not.    It appears that the charge of defendant's negligence mainly relied on by the plaintiff and litigated at the trial was the question of whether or not the defendant properly guarded the pedal near the floor, by which the saw was started.    It is contended that the evidence is insufficient to warrant the jury in finding that there was no guard over this pedal.    There is no dispute but that the presence of a guard over this pedal, of the kind described by the witnesses, would have been a protection against the danger of which plaintiff complains.    The inquiry then is: Does the evidence justify the jury in its conclusion that no such guard was in fact furnished by the defendant? Upon this subject the evidence is irreconcilably in conflict.

The plaintiff and two witnesses testified that there was no
guard over this pedal at the time of the accident, while seven
witnesses produced by the defendant positively declared from
personal knowledge that there was such a guard over the pedal
at the time.   Under the circumstances we cannot say that the
jury were not authorized to accept the statement of the plaint-
iff and the two witnesses corroborating him, as against those
testifying to the contrary.   The evidence sustaining the find-
ing is not so overwhelmingly impeached as to enable us to de-
clare that the verdict on this issue is not supported by credible
evidence.

It is contended that the court erred by refusing to incor-
porate the following question in the special verdict, namely:
"Was the pedal in question protected at the time of plaintiff's
injury by the guard M as shown on Exhibit C?"   The court
submitted the following question on this issue: "Did the de-
fendant negligently fail at the time of plaintiff's injury to
have a safe and sufficient guard over the pedal in question?"
As heretofore stated, the plaintiff and two corroborating wit-
nesses testified that there was no guard whatsoever over this
pedal, while the defendant's witnesses all testified to the pres-
ence of a guard as indicated on Exhibit C, which was in evi-
dence and shown to the jury.   In the light of this conflict in
the evidence and the court's instructions to the jury respect-
ing this question, so submitted in place of the one requested,
it is apparent that the question submitted on this issue em-
braced the same facts and circumstances as the one requested,
and the jury's attention was specifically directed to such issue
of the facts under the pleadings.   The court plainly informed
the jury that the plaintiff claimed that no guard whatever was
provided and that the defendant's evidence, if credible, "tends
to prove that the pedal was in fact provided with and pro-
tected by a complete, safe, and sufficient guard before and at
the time of the accident."   In view of this direction, the
ground of complaint to the effect that the issue of fact as to

this branch of the case was not specifically and clearly sub-
mitted to the jury by the special verdict is not sustained.
The words of the instruction and of the question submitted,
namely, "safe and sufficient guard," could not operate to con-
fuse or to divert the jury's attention from the actual issue
involved in the answer to this question. The question on this
subject in the verdict is equivalent to the requested question,
in the light of the evidence and the directions given to the jury
to guide them in their deliberations thereon. The verdict
meets the calls of the special-verdict statute, sec. 2858, Stats.
(1898), as amended (Supp. 1906: Laws of 1903, ch. 90), as
interpreted in the recent cases of *Rowley v. C., M. & St. P. R.
Co.* 135 Wis. 208, 115 N. W. 865; *Harper v. Holcomb, ante,*
p. 183, 130 N. W. 1128; and *Wawrzyniakowski v. Hoffman
& B. Mfg. Co., ante,* p. 153, 131 N. W. 429.

It is further contended that the court erred in refusing to
give the requested instruction as to question No. 5 of the ver-
dict, namely, "that, in order to find that the absence of said
guard was the proximate cause of the plaintiff's injury, you
[the jury] must find that the defendant in the exercise of
ordinary care ought to have foreseen that an injury was likely
to result from the absence of said guard." The court had
correctly instructed the jury upon the subjects of negligence
and proximate cause, in connection with questions preceding
the one on which the foregoing instruction was requested, and
had directed the jury to such instructions as embodying the
rule to guide them in answering this question. We do not
deem this practice to be misleading to the jury. Men of or-
dinary intelligence would comprehend such an instruction
and be properly informed by the charge given of the rules
embodied in the instruction which was refused.

An exception is urged to the refusal to instruct as requested
pertaining to the issue embraced in question No. 6, respecting
plaintiff's appreciation of "the precise danger to which he was

exposed by the absence of said guard." The requested in- struction is:

"You are instructed that in order to answer question No. 6 'Yes' it is not necessary for you to find that the plaintiff actually or in fact knew of or appreciated the precise danger to which he was exposed by the absence of said guard. If you find that the plaintiff, in the exercise of such care as a person of his age and experience ordinarily exercises under the same or similar circumstances, should have known of and appreciated said danger, then you should answer said question No. 6 'Yes.'"

The court informed the jury in his instructions in connection with question No. 3 as follows:

"The plaintiff was in duty bound to exercise such care and judgment as an ordinary person of his age, intelligence, and experience would ordinarily use under the same or like circumstances; and if in all the circumstances in which he was placed, including his age, intelligence, and experience, he ought in the exercise of ordinary care to have known and appreciated the precise danger attending his said employment, he will be held to have understood and appreciated such danger."

The jury were directed in their deliberations to apply this rule to question No. 6. This instruction embraces the law as stated in the rejected request on the issue embraced in this question and was properly brought to the attention of the jury in the manner followed by the court.

It is urged that the plaintiff assumed the risk resulting from the absence of a guard over the pedal, as alleged, for the reason that the danger of injury resulting therefrom in the performance of his duties was open and obvious. It is manifest that the absence of a guard over the pedal would be likely to start the jump saw whenever any substantial weight or force was brought to bear on the pedal, but it is not so clear that the plaintiff or any person of his age and experience operating the saw would obviously be informed of the danger of

materials falling from the adjacent table onto the pedal. True, the plaintiff states that he had observed slabs fall from the table onto the floor near the pedal before the accident happened. It cannot, under the circumstances, be held that this condition of affairs was a constant factor of danger in operating the saw. In fact, the operation of the saw was conducted upon the theory that such a condition of danger would not exist, because, ordinarily, the slabs would be handled without their so accumulating as to fall to the floor, and the accumulation was an unusual condition in the usual course of the performance of plaintiff's duties. Under such circumstances it cannot be said that this danger was of such a character as to be obviously known to the operator of the jump saw while performing his duties as the business was being conducted. The court properly submitted the question to the jury.

The court rejected this request to instruct: "The plaintiff in this action is an interested party, and in considering the weight which should be given to his testimony you should consider the fact of such interest, and the motive which he has to testify to such statement of facts as will be favorable to himself, and a like test should be applied to the evidence of any other interested witness." The charge of the court does not contain its equivalent in words, nor was the jury's attention specifically brought to the subject of the weight of this evidence. In *Blankavag v. Badger B. & L. Co.* 136 Wis. 380, 117 N. W. 852, the refusal of this instruction was declared to be prejudicial error, the court stating: "Where a decision in a party's favor depends largely upon the weight to be given to his own evidence, and a request to give such an instruction as above is made, it is error to refuse it where the principle embodied in such instruction is not covered by the charge." The inquiry arises: Was it error in the instant case? Does the favorable verdict for the plaintiff depend largely upon the weight to be given his evidence? We are persuaded that

the record does not present such a case. The questions liti-gated to which this instruction would have peculiar applica-tion were the issues as to whether or not there was a guard over the pedal and as to plaintiff's knowledge of the danger from the absence of the guard as bearing on the assumption of risk. But we find that the plaintiff's evidence was cor-roborated by two witnesses as regards the absence of the guard over the pedal. They gave direct evidence that there was no such guard. Moreover, the circumstances of the transaction tend to show that the pedal was depressed by slabs falling upon it and that it could not have been depressed had there been such a guard. Plaintiff's relation to and knowledge of the danger from falling slabs has heretofore been adverted to as insufficient to impute the assumption of such risk. Under the facts and circumstances of the case it cannot be said that a decision in plaintiff's favor depended so largely upon the weight to be given to his evidence that this omission to in-struct resulted in this verdict. In the light of the situation the refusal to instruct as requested presents an error which is within the provision of sec. 2829, Stats. (1898), and is to be disregarded. This policy of the law has by recent legislative enactment become firmly intrenched in the law by the enact-ment of sec. 3072m, Stats. (Laws of 1909, ch. 192), declar-ing that such errors shall not be deemed to operate preju-dicially, "unless in the opinion of the court . . . after an ex-amination of the entire action . . . it shall appear that the error complained of has affected the substantial rights of the party" seeking relief on account thereof. After an exami-nation of the entire action we do not consider that the appel-lant's substantial rights have been affected by this error.

As heretofore stated, the jury found the defendant negli-gent in several separate respects. We find the verdict sus-tained upon the grounds of liability embraced in questions No. 4, No. 5, and No. 6, and that the plaintiff was free from contributory negligence. This is sufficient to sustain the

judgment, and hence the errors argued as to other alleged grounds of negligence found by the jury need not be considered.    The judgment must therefore stand.

*By the Court.*—Judgment affirmed.

BARNES, J. (*dissenting*).    Plaintiff testified that the pedal was not guarded at the time of the accident.    So did Stainbrook and Baker, two of his boy chums who at the time of the trial had been discharged from defendant's employ.    Baker made a sworn statement after the accident to the effect that he did not know whether the pedal was guarded or not, and to this extent his testimony was impeached.    Seven apparently credible witnesses testified on the trial that the pedal was guarded at the time of the injury.    It is obvious that the evidence strongly preponderated in favor of defendant's contention.    Indeed, the able counsel for the appellant argue in all sincerity that the finding of the jury to the effect that a guard was not supplied is not sustained by the testimony.

Question 4 of the special verdict was as follows:

"Did the defendant negligently fail at the time of plaintiff's injury to have a safe and sufficient guard over the pedal in question?"

The defendant requested the court to charge the jury in reference to said question as follows:

"The plaintiff in this action is an interested party, and in considering the weight which should be given to his testimony you should consider the fact of such interest and the motive which he has to testify to such statement of facts as will be favorable to himself, and a like test should be applied to the evidence of any other interested witness."

This charge was refused and no substitute therefor was given.    The instruction was correct as a proposition of law. Under the facts in the case it was a peculiarly appropriate instruction to give.    This court has lately held twice that a refusal to give this instruction was prejudicial and reversible

error.  *Kavanaugh v. Wausau,* 120 Wis. 611, 98 N. W. 550;
*Blankavag v. Badger B. & L. Co.* 136 Wis. 380, 386, 117 N.
W. 852.   Both of these cases were decided before the passage
of sec. 3072*m,* Stats. (Laws of 1909, ch. 192).   Sec. 2829,
Stats. (1898), was in force when the cases were decided, and
required this court to disregard errors that did not affect the
substantial rights of the adverse party.   Sec. 3072*m* pro-
hibits a reversal unless after an examination of the entire ac-
tion it shall appear that the error has affected the "substan-
tial rights" of the party seeking to reverse the judgment.
There is very little difference between the two statutes as ap-
plied to the facts in the present case.   In most of the cases
tried in our courts either one or both of the parties is a wit-
ness, and very often a party is the principal or the only wit-
ness in his own behalf.   The rule of law requiring an instruc-
tion to be given such as that requested in this case is an im-
portant and a valuable one in close cases and the final result
may often depend on whether it is given or not.   It is seldom
that a case will arise which more clearly calls for the giving
of such an instruction than the one before us.   I regard this
decision as holding in effect that hereafter no error will re-
sult from refusing to give such a charge as was here refused,
unless perchance a more extreme case might arise, which is
not very likely.   I am not prepared to go to this extent.
Since sec. 3072*m* has been in force it has been held to be re-
versible error to give an erroneous charge on the burden of
proof.  *Schumacher v. Tuttle P. Co.* 142 Wis. 631, 638, 639,
126 N. W. 46.   In my way of thinking, the error in the case
cited was no more calculated to work prejudice than was the
error in the present case.