VOGEL, by guardian *ad litem,* Respondent, vs. HERZFELD-
PHILLIPSON COMPANY, Appellant.

*December 5, 1911—March 12, 1912.*

*Master and servant: Personal injury: Contributory negligence: In-*
*competency of fellow-servant: Proximate cause: Evidence:*
*Questions for jury: Special verdict: Instructions to jury: Ex-*
*cessive damages: Appeal: Harmless errors.*

1. In an action by a minor servant for injuries received in falling
   from a freight elevator, although he had himself opened the
   gate and the evidence strongly tended to show that the accident
   was caused by his attempting to leave the car while it was in
   motion, yet, the jury having given credence to his denial of
   such attempt, it cannot be said as a matter of law that he was
   guilty of contributory negligence.
2. Age may be an important factor in determining the competency
   of a servant; and where he has just passed the age at which
   he could legally be employed the other facts needed to show
   his incompetency may be few and in themselves insignificant.
3. Thus, in the case of an elevator boy sixteen years and seven
   months of age, proof that in size and weight he was below the
   average boy of his years and that he was somewhat pale and
   nervous, together with testimony tending to show that he got
   tired toward evening and occasionally stopped the elevator too
   suddenly, causing it to bound, was sufficient to sustain a finding
   of incompetency.
4. Evidence that such elevator boy smoked cigarettes and that he
   did not have enough to eat was not admissible to show negli-
   gence on the part of his employer in retaining him in such
   employment, where no actual or presumptive knowledge of
   these facts on the part of the employer was shown.
5. Where, on appeal, this court is not satisfied that the result would
   probably have been different had improper evidence been ex-
   cluded, the judgment will not be reversed because of the ad-
   mission of such evidence.
6. Evidence tending to show, among other things, that an elevator
   boy sixteen years and seven months of age, mistakenly assum-
   ing that plaintiff was about to leave the car while it was run-
   ning past the third floor, stopped it so suddenly as to cause it
   to bound and throw plaintiff off, was sufficient to warrant the
   jury in finding that the negligence of such elevator boy was the
   proximate cause of plaintiff's injury.

7. It was not error to refuse to submit for special verdict a question as to a fact not specifically pleaded, bearing upon the plaintiff's contributory negligence, where the charge dealing with that subject practically covered the same ground.

8. Refusal to give a requested instruction calling attention specifically to plaintiff's interest in the result, as bearing upon the weight and credibility of his testimony, was error; but under sec. 3072m, Stats. (Laws of 1909, ch. 192), there having been a general instruction on the subject, covering the testimony of all the witnesses, the error is *held* not a ground for reversal.

9. An award of $3,600 to a minor injured by a fall of thirty-eight feet down an elevator shaft, he having been severely hurt and there being some evidence of permanent injury, is *held*, though very liberal, not so excessive that this court should interfere.

APPEAL from a judgment of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge. *Affirmed.*

The plaintiff was an employee of the defendant and brings this suit to recover damages for injuries sustained while riding in a freight elevator in defendant's store. The alleged negligence on the part of the defendant consisted in employing an incompetent person to operate the elevator. The act which it is claimed was responsible for plaintiff's injury consisted in bringing the elevator to a stop suddenly, so that it bounded and threw the plaintiff off the platform and down the elevator shaft. The trial resulted in a verdict and judgment for the plaintiff. The defendant contends that plaintiff was guilty of contributory negligence as a matter of law; that there was no evidence which warranted the jury in finding that the defendant was negligent; that there was no evidence to sustain the finding of the jury that the alleged negligence on defendant's part was the proximate cause of plaintiff's injury; that the court erred in admitting evidence prejudicial to the defendant; that the court erred in its charge to the jury; that the court erred in refusing to submit to the jury a question propounded by the defendant; and that the verdict is excessive.

For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

For the respondent there was a brief by *Charles E. Hammersley,* attorney, and *Doerfler, Green & Bender,* of counsel, and oral argument by *Mr. Hammersley* and *Mr. C. Doerfler.*

The following opinion was filed January 9, 1912:

BARNES, J.   There was evidence from which the jury might have found that the sign forbidding all persons except the operator to manipulate the gates was not in use at the time of the accident or for some time before.   There was also some evidence from which the jury might have found that the employees of the defendant, other than the operator, customarily raised and lowered the gates of the freight elevator.   There was apparently no particular danger to be apprehended from opening the elevator gate by a person riding in the elevator, provided no attempt was made to get off while it was in motion.   The jury no doubt acquitted the plaintiff of attempting to leave the car while it was running, and although the great preponderance of the evidence was to the effect that such action on plaintiff's part was the cause of his injury, yet the jury might and no doubt did give credence to the evidence of the plaintiff, and he denied that he undertook to leave the elevator while it was moving.   The fact of contributory negligence on the part of the plaintiff was not so clearly established by the evidence that a court should say as a matter of law that there can be no recovery because of it.

The jury found that the elevator boy, Van Paine, was an incompetent servant, and this is the sole ground of negligence relied on to support the judgment.   The appellant contends that Van Paine was not incompetent, and that, if he were, it had no notice, actual or constructive, of such incompetency. Van Paine was sixteen years and seven months of age at the time of the injury to plaintiff.   His size and weight were below that of the average boy and he was somewhat pale and nervous.   Aside from these facts which the defendant either knew or should have known, there was little evidence of incompetency on the part of Van Paine.   The court errone-

ously allowed the plaintiff to show that Van Paine smoked cigarettes. There was no pretense that defendant was aware of that fact, and the evidence is undisputed that smoking was forbidden at the store, and no claim is made that Van Paine smoked there. Defendant was not obliged to shadow its employee to ascertain whether he smoked. The court also erroneously permitted Van Paine to testify that he did not get enough to eat during the time he was working for defendant. This evidence would be proper enough if the defendant was feeding the boy, but it was not, and there was no claim that defendant knew that the relative with whom Van Paine boarded was starving him. This evidence, offered for the purpose of showing negligence on the part of the defendant in retaining Van Paine in its employ as elevator boy, could only be made competent by showing actual or presumed knowledge on the part of the defendant of the facts testified to. Such evidence might well operate to the disadvantage of the defendant. We are not satisfied, however, that the result would have been different had this evidence been excluded, so we decline to reverse the judgment because of its admission. The other evidence of incompetency on Van Paine's part prior to the time the plaintiff was injured was given by himself. He was an accommodating and in a sense an impartial witness. When answering questions for plaintiff's counsel he made out a strong case of incompetency during all the time he ran the elevator. When answering questions for defendant's counsel he made out a good case of competency. Perhaps a jury would be warranted in drawing the inference from his testimony that he got tired toward evening and occasionally stopped the elevator too suddenly, which would cause it to bound. Leaving out of consideration the matter of Van Paine's age, there was very little evidence of his incompetency. No one who ever rode with him was produced to show that he did not run the elevator in the proper way, and two witnesses who frequently rode with him testified that

he operated it properly. But this court has decided that age may be an important factor in determining competency. The facts in addition thereto that must be shown to establish incompetency, where the employee has just passed the age where he can be legally employed, may be few and in themselves insignificant. *Zabawa v. Oberbeck Bros. Mfg. Co.* 146 Wis. 621, 131 N. W. 826. The facts tending to show incompetency, aside from age, are more persuasive in this case than in the *Zabawa Case,* and we must therefore hold that the evidence presented a jury question.

The closest question in the case is whether there was any evidence which warranted the jury in finding that the incompetency of Van Paine was the proximate cause of the plaintiff's injury. However incompetent Van Paine might have been at other times, the evidence to show any actionable negligence on his part in the management of the elevator at the time plaintiff was injured is slight. There were three persons besides the elevator boy on the elevator when it left the first floor. Two of them were going to the fifth floor, while the plaintiff intended to get off at the third floor. He did not advise the elevator boy of this fact, but the latter knew where he worked and where he intended to get off. Van Paine testified that he stated before leaving the first floor that he would take the two parties up to the fifth floor first and leave plaintiff at the third floor on the return trip. The jury might have been warranted in finding that this conversation did not take place, but, whether or not it did take place, Van Paine did not intend to stop the elevator at the third floor until after he went to the fifth floor. There is evidence in the case from which the jury might have found that there was a perceptible slackening of the speed of the elevator as it approached the third floor, so that one might be led to believe that it was going to stop there. The plaintiff stepped to the door of the elevator about the time it reached the third floor and placed his hand under it and slid it up, looked at the elevator man,

and said "Hey." He testified that thereupon the elevator was brought to a sudden stop, causing it to bound, and that the bound threw him off his feet, and that he fell down the elevator shaft and was injured. The evidence of other witnesses strongly tends to show that the plaintiff was injured by reason of attempting to get off the elevator while it was in motion, and that he had fallen before it was stopped. But the jury had a right to believe the testimony of the plaintiff, if they considered it more credible than that of the other three witnesses who were in the elevator. The appellant argues that in any event Van Paine had a right to act on appearances, and that he was justified in believing from the action of plaintiff that he intended to get off the elevator whether it stopped or not, and, this being the case, the elevator boy very promptly stopped it as quickly as he could. The plaintiff testified that he did not intend to get off the elevator while it was moving; that he supposed the elevator boy would stop when he reached the third floor; and that what he did was done in the way of preparation to leave the car when it came to a standstill. While it may have been a negligent act on the part of the operator to attempt to run the elevator to the fifth floor without stopping, when he knew that one of the occupants intended to get off at the third floor, it could not be reasonably anticipated that a person riding thereon would undertake to leave the car while it was in motion, and the actionable negligence, if any there was, arose out of the fact that the elevator boy was wrong in assuming that plaintiff intended to leave the car while it was moving and was therefore at fault in stopping it so suddenly as to cause it to bound and throw the plaintiff off. The court is of the opinion that the jury might reasonably have inferred from the evidence that the operator was negligent in stopping the elevator so suddenly as to cause it to bound, and that such negligence was the proximate cause of plaintiff's injury.

The defendant requested the court to submit the following question to the jury: "Was the plaintiff warned before the accident by a sign on the gate, or otherwise, not to raise the elevator gate on the third floor?" The court refused to submit this question and such refusal is assigned as error. The assignment is not well taken. The pleadings presented no such specific issue. The court 'in charging the jury under the question dealing with the alleged contributory negligence of the plaintiff said:

"If the plaintiff was warned against raising the gate in getting off the car, either by posted sign or by word of mouth, and, contrary to such warning, raised the gate, and such act contributed proximately to produce his injury, then such act constituted want of ordinary care on his part that contributed proximately to his injury. The effect, in this respect, of the sign 'Do not raise the gate' on the gate, or other gates, facing outwards, if you find such a sign was up at the time of or prior to the injury, is for you to determine. If you find that the natural and reasonable effect of such sign, if you find it had been posted, was to warn against raising the gate in getting off the elevator, then the plaintiff must be held to have had knowledge of the danger to him of such act, and to have been guilty of contributory negligence if he raised the gate and such act contributed proximately to produce his injury."

No particular fault is found with the accuracy of this instruction, and it informed the jury that if the notice not to raise the gates had been given, and failure to obey such notice was the proximate cause of the injury, then it must find plaintiff guilty of contributory negligence. Inasmuch as the proposed question did not cover a fact specifically pleaded, the instruction quoted was a sufficient substitute therefor. The situation is like that presented in *Steber v. C. & N. W. R. Co.* 139 Wis. 10, 120 N. W. 502, where it was held not to be error to refuse to submit a specific question because of the character of the charge upon the general question dealing with the subject of contributory negligence. What is here said is

in harmony with *Wawrzyniakowski v. Hoffman & B. Mfg. Co.* 146 Wis. 153, 131 N. W. 429, where the cases bearing on the subject under consideration are reviewed.

The defendant requested the court to charge the jury as follows:

"In judging of the credibility of the plaintiff's evidence, you may properly consider the interest plaintiff has in the result of his trial, the temptation to which he is subjected, under the circumstances, to color his testimony favorably to himself, and you will consider everything bearing on that subject, and give to the evidence of the plaintiff such weight only as, in your judgment, it is entitled to, and a like test should be applied to the evidence of each. of the witnesses who has testified in this case."

The instruction was correct and should have been given. This court has decided, in *Kavanaugh v. Wausau,* 120 Wis. 611, 98 N. W. 550, that it is reversible error not to give such an instruction, and the *Kavanaugh Case* is expressly approved in *Blankavag v. Badger B. & L. Co.* 136 Wis. 380, 117 N. W. 852. The equivalent of this instruction was not given, as respondent's counsel contend. The court did say:

"You are the sole judges of the credibility of each and every witness sworn upon the trial, as well as of the weight and effect of the evidence as a whole. In determining the credibility you should consider the witness's apparent intelligence, candor, knowledge of the matters testified about, interest in the result of the trial, relationship to or relations with the interested parties, corroboration by other credible evidence or proved facts or circumstances, the motives for falsifying, or the absence of these things, or any of them, so far as their presence or absence appears from the trial, the manner and appearance of the witnesses upon the stand, the inherent reasonableness or the absence of it of the statements made, and any other facts or circumstances appearing from the evidence or upon the trial tending to affect the question."

This instruction does not call the immediate attention of the jury to the fact that the plaintiff had a strong motive for

testifying to such facts as he thought might assist him in securing a verdict. Without his own testimony plaintiff could not have recovered, and his evidence on some material matters was contradicted by a number of apparently disinterested witnesses. So no good reason is apparent why the court should have refused to give the instruction to the jury for its guidance. However, since the passage of sec. 3072m, Stats. (Laws of 1909, ch. 192), this court has said that the refusal to give this instruction is not prejudicial error, and it has so said in a case where the refusal to give it was at least as likely to result injuriously to the defendant as would the refusal in this case, and in fact more so, because there the more general instruction was not given. *Szewczyk v. E. W. Ellis L. Co.* 146 Wis. 452, 131 N. W. 977. Under the authority of that case we must hold that the refusal of the court to give the instruction was not reversible error.

It is insisted by the appellant that the damages assessed, amounting to $3,600, are excessive. There is some evidence of permanent injury, and there is no doubt that plaintiff was very severely hurt by his fall of thirty-eight feet down the elevator shaft and that he suffered a great deal of pain in consequence of such fall. The award of damages is very liberal, but is not so excessive that this court should interfere with it.

A number of other errors are assigned, relating principally to rulings on evidence and to alleged errors in the charge. We do not think the appellant is entitled to a reversal because of them or that any useful purpose would be served by discussing them in detail. We find no reversible error in the record.

*By the Court.*—Judgment affirmed.

In support of a motion for a rehearing there was a brief for the appellant by *Doe & Ballhorn.*

For the respondent, *contra,* there was a brief by *Charles E. Hammersley* and *Christian Doerfler.*

The motion was denied March 12, 1912.